**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHETNABEN JARIWALA, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> ENTERPRISE LEASING COMPANY-WEST, LLC, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-01532-GMN-VCF <br><br> **REPORT AND RECOMMENDATION** <br><br> MOTION TO STRIKE [ECF NO. 13] |

Before the Court is Defendants Enterprise Leasing Company-West and Enterprise Rent-a-Car Company of Los Angeles' ("Enterprise") Motion to Strike Plaintiffs' Demands for Punitive Damages and Attorney's Fees. (ECF No. 13). For the reasons stated below, the Court recommends that Enterprise's motion be granted in part and denied in part.

## BACKGROUND

Plaintiffs allege that they were riding in a car rented from Enterprise and manufactured by Kia Motors America when a defect in the car caused a roll-over crash. (ECF No. 1 at 16-18). Plaintiffs bring strict products liability, negligence, and wrongful death claims against Enterprise and Kia Motors America. (*Id.* 18-21). Plaintiff allege that the crash was "a direct and proximate result of the Defendants' failure to adequately design, manufacture, inspect and maintain the Vehicle" and "[t]he actions or omissions of Defendants, at least in part, were willful and or/wanton and oppressive, in conscious disregard of the safety of others, and therefore, an award of punitive damages is appropriate in an amount to be determined at trial." (*Id.* at 18-21). Plaintiffs also state that they "have been required to obtain the services of an attorney in order to prosecute this action, and they are entitled to recover reasonable attorney's fees plus costs of suit." (*Id.* at 19).

1

On August 22, 2018, Enterprise filed an answer to the complaint. (ECF No. 7). On August 23, 2018, Enterprise filed a motion to strike. (ECF No. 13). Enterprise argues that Plaintiffs merely recite the elements necessary to obtain punitive damages without adequate supporting facts, and that punitive damages are not available for negligence claims. (*Id.* at 4-5). Enterprise also asserts that the request for attorney's fees should be stricken because Plaintiff failed to cite a rule, contract, or statute that would allow for the recovery of attorney's fees in this case." (*Id.* at 5). In response, Plaintiff's argue that the motion to strike is untimely, the complaint contains adequate facts to support Plaintiff's request for punitive damages, and there is a statutory basis to award attorney's fees in this case. (ECF No. 18 at 3-8).

## ANALYSIS

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own" or "on motion made by either party…before responding to the pleading." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." D.E. Shaw Laminar Portfolios, LLC, 570 F.Supp.2d at 1271 (quoting Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving

party before granting the requested relief." *See Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted).

Enterprise concedes that its motion to strike is untimely under Federal Rule of Civil Procedure 12(f). (ECF No. 20 at 7). The motion was filed after, rather than before, Enterprise's answer. Enterprise urges the Court to exercise its discretion to consider the issues raised in the motion *sua sponte* under Rule 12(f)(1). (*Id.* at 8).

Some courts have held that "the court may consider and grant an untimely motion to strike where it seems proper to do so." *Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007). However, the general practice in this District treats the deadline in Federal Rule of Civil Procedure 12(f) more seriously. *See Jaden Inv. Tr. v. Bank of Am., N.A.*, No. 2:13-cv-02063-MMD, 2014 WL 293308, at *2 (D. Nev. Jan. 23, 2014) (saying untimely motions are "barred by Rule 12(f)"). The Ninth Circuit has held that granting an untimely motion to strike is "erroneous" or an "error," though the error may be harmless. *Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232-33 (9th Cir. 1982).

The Court should decline to exercise its discretion to consider Enterprise's untimely motion. The complaint contains sufficient factual allegations to support the request for punitive damages. Plaintiff asserts that Enterprise failed to inspect and maintain the vehicle with a conscious disregard for the safety of others. (ECF No. 1 at 18-19). The description of the short period of time an Enterprise employee took to prepare the vehicle before it was given to Plaintiffs (*Id.* at 17), combined with these other allegations, is sufficient to state a claim for punitive damages under NRS 42.001. *See Duensing v. Gilbert*, No. 2:11-cv-01747-GMN, 2013 WL 1316763, at *4–5 (D. Nev. Mar. 28, 2013). In addition, while Enterprise is correct that Nevada law requires a rule, contract, or statute to award attorney's fees (ECF No. 13 at 5), Enterprise fails to cite any statute or case stating that the basis for attorney's fees must be specifically pled

in the complaint. Courts in this jurisdiction have denied similar motions to strike requests for attorney's fees, holding:

> At this point, the Court does not intend to determine whether [parties] are entitled to attorney fees based on the pleadings. If either party receives attorney fees in this case, it will be by a motion compliant with Local Rule 54–16 that sets forth good cause for the award of such fees. Attorney fees will not be granted simply because a party included it in its pleadings. Consequently, the Court denies the Motion to Strike as it pertains to attorney-fees allegations.

*Boink Sys., Inc. v. Las Vegas Sands Corp.*, No. 2:08-cv-00089-RLH-GWF, 2008 WL 11389198, at *6 (D. Nev. Dec. 10, 2008).

However, the Court could use its discretion to strike one paragraph in the complaint: Paragraph 54, the request for punitive damages specific to Plaintiffs' negligence claim. (ECF No. 1 at 20). Plaintiffs concede that "punitive damages cannot be obtained in a negligence action." (ECF No. 18 at 7). *See also Madrigal v. Treasure Island Corp.*, No. 2:08-cv-01243-PMP-GWF, 2008 WL 11389168, at *5 (D. Nev. Dec. 30, 2008). "[A] motion to strike may be used to strike any part of a prayer for relief where the requested damages are not recoverable as a matter of law." *Id.* at *3. Because it is clear that punitive damages cannot be obtained in a negligence claim as a matter of law, the Court should grant the motion to strike as to Paragraph 54. However, this should not extend to the request for punitive damages in Plaintiff's wrongful death claim. (ECF No. 1 at 21). Though Plaintiffs reference "negligence" several times in their wrongful death claim, they also allege that the deaths were caused by the "actions, or inactions, of Defendants," which could refer to Plaintiff's strict products liability claim. (*Id.* at 20).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Enterprise's Motion to Strike Plaintiffs' Demands for Punitive Damages and Attorney's Fees (ECF No. 13) be GRANTED with respect to Paragraph 54 in the Complaint.

IT IS FURTHER RECOMMENDED that Enterprise's Motion to Strike Plaintiffs' Demands for Punitive Damages and Attorney's Fees (ECF No. 13) be DENIED as to the remainder of the Complaint.

IT IS SO RECOMMENDED.

DATED this 17th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE