**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CHETNABEN JARIWALA, *et al.*,

        Plaintiffs,

vs.

ENTERPRISE LEASING COMPANY-WEST, LLC, *et al.*,

        Defendants.

And all related matters.

Case No. 2:18-cv-01532-GMN-VCF

**ORDER**

MOTION TO AMEND [ECF NO. 36]

Before the Court is Defendant Enterprise Leasing Company-West's ("Enterprise") Motion for Leave to File First Amended Counterclaim Against Krishnaben Jariwala. (ECF No. 36). For the reasons stated below, Enterprise's motion is granted.

## BACKGROUND

Plaintiffs allege that they were riding in a car rented from Enterprise when a defect in the car caused a roll-over crash. (ECF No. 1 at 16-18). Plaintiffs bring strict products liability, negligence, and wrongful death claims against Enterprise. (*Id.* 18-21). In response, Enterprise brought a negligence counterclaim against Krishnaben Jariwala, who rented and drove the vehicle during the accident. (ECF No. 7 at 15-18). Under the scheduling order in this case, the parties have until March 1, 2019 to file motions to amend their pleadings. (ECF No. 27 at 7).

Enterprise now moves to amend its counterclaim against Krishnaben Jariwala. (ECF No. 36). Enterprise seeks to add counts for contractual indemnification and contribution, based on the car rental agreement, in addition to the negligence claim. (ECF No. 36-1 at 5-7). Enterprise asserts that the

1

amendment, made early in the case, will not prejudice Krishnaben Jariwala. (ECF No. 36 at 4). Krishnaben Jariwala did not file an opposition to the motion to amend.

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Krishnaben Jariwala did not file an opposition to Enterprise's motion, she has consented to the Court granting the motion. The Court also finds grounds to grant Enterprise leave to amend its counterclaim. There is no apparent bad faith or undue delay in the motion for leave to amend. Enterprise filed the motion within the timeframe specified in the proposed scheduling order. The amendments do not appear to prejudice Krishnaben Jariwala.[1] Though Enterprise is adding claims against her, the claims overlap with the original counterclaim. Enterprise's amendments do not appear to be futile, and this is Enterprise's first motion for leave to amend the counterclaim.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Enterprise's Motion for Leave to File First Amended Counterclaim Against Krishnaben Jariwala (ECF No. 36). is GRANTED.

---

[1] The Court notes that Krishnaben Jariwala has filed a Motion for Determination of Good Faith Settlement. (ECF No. 37). It involves a settlement between Krishnaben Jariwala, Yogesh Jariwala, Renuka Patel, and Allied P&C Insurance Company. (*Id.* at 5). Krishnaben Jariwala states that her insurance policy limits "may be used by the other Defendants in this case as an offset against any damages that may be awarded against them at the conclusion of the trial in this case." (*Id.*).

2

IT IS FURTHER ORDERED that Krishnaben Jariwala has until February 22, 2019 to file an answer to the amended counterclaim.

IT IS SO ORDERED.

DATED this 8th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE