| | |
|---|---|
| 1 | MATTHEW T. DUSHOFF, ESQ.<br>Nevada Bar No. 004975 |
| 2 | WILLIAM D. SCHULLER, ESQ.<br>Nevada Bar No. 011271 |
| 3 | **KOLESAR & LEATHAM**<br>400 South Rampart Boulevard, Suite 400 |
| 4 | Las Vegas, Nevada 89145<br>Telephone: (702) 362-7800 |
| 5 | Facsimile: (702) 362-9472<br>E-Mail: mdushoff@klnevada.com |
| 6 | wschuller@klnevada.com |

JEFFREY A. SOBLE, ESQ. - *(Pro Hac Vice)*
STEPHANIE ADAMO, ESQ. - *(Pro Hac Vice)*
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-5170
Email: jsoble@foley.com
  sadamo@foley.com
-and-
NICHOLAS J. FOX, ESQ. - *(Pro Hac Vice)*
**FOLEY & LARDNER LLP**
3759 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 847-6729
Email: nfox@foley.com

Attorneys for Defendants
ENTERPRISE LEASING COMPANY-WEST,
LLC, and ENTERPRISE RENT-A-CAR
COMPANY OF LOST ANGELES, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CHETNABEN JARIWALA, an individual; HARDIK JARIWALA, an individual; POOJA JARIWALA, an individual; KRISHNABEN JARIWALA, an individual; TOGESH JARIWALA, an individual; PENUKA PATEL, an individual; DAXABEN JARIWALA, individually and as her to the Estate of KIRITKUMAR JARIWALA; HERISAN JARIWALA as heir to the Estate of KIRTIKUMAR JARIWALA; ABHISEK JARIWALA as heir to the Estate of KIRITKUMAR JARIWALA: ROBERT ANSAR as Special Administrator to the Estate of KIRTKUMAR JARIWALA, deceased,<br><br>Plaintiffs, | CASE NO. 2:18-cv-01532-GMN-VCF<br><br>**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER ON SAME** |

| | |
|---|---|
| vs. | |
| ENTERPRISE LEASING COMPANY-WEST, LLC, a foreign limited liability company; ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC, a foreign limited-liability company; KIA MOTORS AMERICA, INC., a foreign corporation; DOES 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive jointly and severally, | |
| Defendants. | |
| ENTERPRISE LEASING COMPANY-WEST, LLC, a foreign limited liability company, | |
| Counter-Plaintiff, | |
| vs. | |
| KRISHNABEN JARIWALA, an individual, | |
| Counter-Defendant. | |

## **STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order ("Protective Order") is stipulated to by and between Plaintiffs Chetnaben Jariwala, Hardik Jariwala, Pooja Jariwala, Krishnaben Jariwala, Yogesh Jariwala, Renuka Patel, Daxaben Jariwala, Herisan Jariwala, Abhisek Jariwala, and Robert Ansara (as Special Administrator of the Estate of Kiritkumar Jariwala, deceased); Defendants Enterprise Leasing Company—West, LLC, Enterprise Rent-A-Car Company of Los Angeles, LLC, and Kia Motors America, Inc.; Counter-Claimant Enterprise Leasing Company—West, LLC; and Counter-Defendant Krishnaben Jariwala; by and through the undersigned counsel, in order to facilitate the exchange of information and documents that may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than use in this litigation may be warranted, the Parties stipulate as follows:

**Definitions**

1.  "Document," whether used in the singular or plural, means any document or electronically-stored information as set forth in the Federal Rules of Civil Procedure.

2. "Designating Party" means a Party or third party that produces information during the course of this litigation that is deemed "Confidential" pursuant to this Protective Order.

3. "Confidential Information" means any information that is designated as such by a Designating Party. Information may be designated "Confidential" only if the Designating Party has a good-faith basis for believing the information: (a) is confidential under federal or state law or regulations; or (b) contains sensitive personal, financial, or professional information, or confidential or proprietary business information, that is generally unavailable to the public and that, if made available to the public, may be injurious to that Party's personal, financial, professional, or business interests.

4. "Filing Party" shall mean any Party who seeks to file with the Court documents or other papers reflecting information designated as "Confidential Information."

5. "Privilege" shall mean the attorney-client privilege, the attorney work-product doctrine, or any other legally recognized privilege, doctrine, or protection that may apply to documents or information in this case.

**Use of Confidential Information**

6. All Confidential Information produced or exchanged in the course of this litigation shall be treated as confidential and shall be used solely to investigate, analyze, prosecute, and defend that claims raised in this litigation and for no other purpose.

7. Except as specifically provided for in this Protective Order or subsequent Court orders, no Confidential Information shall be revealed, disclosed, or otherwise made known to any person, or made available for inspection and copying to any person, who is not permitted to see such Confidential Information pursuant to the terms of this Protective Order without express written consent of the Designating Party. Before receiving access to any Confidential Information, each person identified below shall execute an agreement to be fully bound by this Protective Order in the form of **Exhibit A**, attached hereto.

    a. Court reporters employed in connection with this litigation;

    b. Outside vendors who are necessary to assist counsel of record in this action in the preparation and trial of this action;

c. Experts retained by counsel of record in this action;

d. Deposition witnesses;

e. Any person or entity to the extent required by operation of law, lawful subpoena, or Court order; and

f. Any other person with the consent, in writing, of all parties.

8. The Parties agree that the following individuals do not have to execute the agreement contained in **Exhibit A** hereto on the basis that the below individuals have been informed of the terms of this Protective Order and have agreed to be bound by the terms set forth herein as a result of their immediate relationship to this lawsuit:

a. Counsel of record in this action, including in-house counsel of the Parties as applicable;

b. Employees of counsel of record in this action;

c. The Court;

d. Special masters, settlement judges and/or mediators;

9. Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof.

10. If any party intends to file with the Court or offer into evidence any document or testimony claimed to reflect or contain Confidential Information, the Filing Party shall file a motion to seal in compliance with the Court's Local Rules of Practice and electronic filing procedures for filing documents under seal. All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

If the sole ground for a motion to seal is that the Designating Party has designated a document or testimony as subject to protection pursuant to the Protective Order, the Filing Party must, if practicable, notify the Designating Party at least seven days prior to filing the designated document. The Designating Party must then make a good faith determination if the relevant standard for sealing is met. To the extent the Designating Party does not believe the

relevant standard for sealing can be met, it shall indicate that the document or testimony may be filed publicly no later than four days after receiving notice of the intended filing.

To the extent the Designating Party believes that relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The Filing Party shall then attach that declaration to its motion to seal the designated material. If the Designating Party fails to provide such a declaration in support of the motion to seal, the Filing Party shall file a motion to seal so indicating and the Court may order the document or testimony filed in the public record.

In the event of an emergency motion, of if the above notice period cannot be given, the Filing Party shall file a motion to seal and the Designating Party shall file a declaration in support of that motion to seal within three court days of its filing. If the Designating Party fails to timely file such a declaration, the Court may order the document or testimony filed in the public record.

11. Nothing in this Protective Order prevents use or disclosure of Confidential Information beyond its terms if the Designating Party consents to such use or disclosure, or if the Court, after notice to all affected parties, orders such use or disclosure.

12. This Protective Order does not in any way restrict a Designating Party's ability to use its own Confidential Information for any purpose.

13. Any third party producing documents in this litigation may avail itself of the confidential treatment provided for in this Protective Order for its documents, information, or testimony, by following the procedures provided herein. Any third party that wishes to produce documents, information, or testimony subject to this provision agrees to be bound by the terms and conditions of this Protective Order, and further agrees that any disputes or issues relating to the application, interpretation, or use of the Protective Order will be resolved by the Court in which this litigation is proceeding.

**Disputing Confidentiality Designations**

14. This Protective Order covers documents, testimony, or other information that the Designating Party (including a third party) believes in good faith contains Confidential

1 Information and so designates as "CONFIDENTIAL" on the document, testimony, or other information. If only a portion of the document, testimony, or other information qualifies for protection under this Protective Order, the Designating Party must designate for protection only those parts of document, testimony, or other information that so qualify. Mass, indiscriminate, or routinized designations are prohibited.

15. Information that is in the public domain, or becomes part of the public domain through no violation of this Protective Order, including but not limited to documents or testimony presented at public proceedings in this lawsuit when such information is not presented under seal, may not be designated as "CONFIDENTIAL" or may lose its confidential status as a result of such disclosure. This provision shall not apply to any information that is in the public domain as a result of violation of this Protective Order or any other Court order with respect to such information.

16. Designation in conformity with this Protective Order requires:

For documents, the Designating Party shall label as "CONFIDENTIAL" each page of the document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portions(s) by making an appropriate marking in the margins.

For testimony given at deposition, the Designating Party shall identify on the record, before the close of the deposition, that some or all of the testimony or exhibits in the deposition may be confidential. The Designating Party shall have 14 days after the receipt of the transcript and exhibits to designate such information, or portions of such information, as "CONFIDENTIAL."

For testimony given in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the hearing or other proceeding, that some or all of the testimony or exhibits in such hearings may be confidential. The Designating Party shall have 14 days after the receipt of the transcript and exhibits to designate such information, or portions of such information, as "CONFIDENTIAL."

For information produced in some other form other than documentary and for any other tangible items, the Designating Party shall affix "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored.

For any briefs, motions, or other pleadings filed with the Court that directly quote from, or describe or summarize in detail, any Confidential Information, such portions of the briefs, motions, or other pleadings shall be redacted and filed under seal in accordance with the terms of this Protective Order.

17. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

18. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Parties in receipt of such information must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**Disputing Confidentiality Designations**

19. If any Party objects to any designation of Confidential Information, that Party may, after making a good-faith effort to resolve such objection, move on reasonable notice for an order from the Court vacating the designation. While such application is pending, the information shall continue to be treated as Confidential pursuant to this Protective Order. This paragraph is not intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

20. The Parties shall not be obligated to challenge the propriety of a "Confidential" designation within any set period after receiving the designated information.

**Demands by Others for Confidential Information**

21. If any other person, organization, or governmental entity demands by subpoena or other appropriate authority the production of any Confidential Information produced to it by a Party to this litigation, the Party receiving such demand shall immediately notify the Designating

Party of such demand. At its option, the Designating Party may elect to challenge the demand and assert any applicable protections, and shall notify the person, organization, or governmental entity of its challenge within such time as required by law or required by compliance with the demand. When such a challenge is made, the Party who received the demand shall not produce any Confidential Information in the absence of consent by the Designating Party or an order by the issuing Court compelling production.

**End of Litigation**

22. Absent written permission from the Designating Party or on further order of the Court, this Protective Order shall continue to be binding throughout and after the conclusion of this litigation, including any settlements, appeals, and subsequent proceedings.

23. After this case is closed in this Court, the Parties may seek the return of any documents they filed under seal.

24. Within ninety (90) days after final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each Party shall either:

(a) assemble and return all Confidential Information, including all copies thereof, to the Party that produced it; or

(b) certify in writing that all such information has been destroyed, provided, however, that any other Party may seek to retain on a confidential basis any files or documents containing such material:

(i) as long as necessary as may be required by statute, regulation, or rule; or

(ii) as long as necessary in order to satisfy obligations to insurers and to make insurance recoveries.

A Party who seeks to retain documents pursuant to subparagraph (b) above shall promptly so advise the Party requesting return or destruction of such information of its intention. Any disputes concerning the applicability of this paragraph shall be resolved by this Court.

**Miscellaneous**

25. Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Protective Order shall not:

    (a) Prejudice the Parties' rights to object to the production of documents they consider not subject to discovery;

    (b) Prejudice the Parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence;

    (c) Prevent the Parties from agreeing to alter or waive any portion of this Protective Order with respect to any particular piece of Confidential Information; or

    (d) Prevent any Party from seeking from the Court a modification of this Protective Order, including, but not limited to, additional protection with respect to the confidentiality of any information.

26. In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly-joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Protective Order.

27. The Parties agree to be fully bound by this Protective Order pending its entry by the Court, and any violation of this Protective Order shall be subject to the same sanctions and penalties as if the Protective Order has been entered.

28. The inadvertent production of material protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or protection ("Protected Material") does not waive, estop, or prevent the producing Party from asserting any privilege or other ground for withholding such Protected Material in the course of discovery in this case. A producing Party shall have ninety (90) days after one of its counsel in this case becomes aware that information containing arguably Protected Material has been produced during which to request its return; otherwise, any claim of protection for the Protected Material shall be deemed presumptively waived.

All such requests to return Protected Material shall be in writing to lead counsel for all Parties and shall identify the produced Protected Material by Bates range(s). If a producing Party timely requests the return of Protected Material, any Party to which such Protected Material was produced shall, within seven (7) days after the request:

(a) Delete the produced Protected Material and all data associated with such Protected Material (including images and metadata such as extracted text) from any database or document management system containing the Protected Material and associated data;

(b) Return to the producing Party any disk or other media containing Protected Material;

(c) Return to the producing Party or destroy all paper copies of Protected Material;

(d) Request in writing that any third party to whom the Protected Material was provided do the same as the above; and

(e) Provide a written certification to the producing Party that the receiving Party has followed such procedures.

The receiving Party has the responsibility to take reasonable steps to ensure that any third party to which it provided information produced in this litigation that a producing Party later claims is Protected Material is destroyed or returned as outlined herein.

If the receiving Party wishes to challenge the producing Party's claim of protection as to the Protected Material, the receiving Party may file a motion with this Court to compel production of such Protected Material.

The Parties agree, and the Court hereby orders, that production of Protected Material cannot provide a basis for any third party to seek disclosure or production of the material viewed based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. The production of Protected Material shall not waive any claim of privilege or protection in any other federal or state proceeding.

29. This Protective Order may be executed in counterparts.

30. In the event any provision of this Protective Order shall be held to be illegal, unenforceable, or inoperative as a matter of law, the remaining provisions shall remain in full force and effect unless such construction shall substantially frustrate the purpose and intent of this Protective Order.

31. In the event of breach of this Protective Order, the Parties expressly acknowledge that the non-breaching Party shall be entitled to specific performance of the terms of this Protective Order or other injunctive relief. The Parties expressly stipulate, agree, and acknowledge that an unauthorized release of the Confidential Information is a breach of this Protective Order, and that damages arising from such a breach are not adequately relieved through pecuniary compensation, are not reasonably quantifiable, and are immediately irreparable.

**IT IS SO STIPULATED.**

DATED this 22nd day of March, 2019.   DATED this 22nd day of March, 2019.

**KOLESAR & LEATHAM**   **ALVERSON TAYLOR & SANDERS**

By: */s/ Nicholas J. Fox, Esq.*   By: */s/ Leanne Sanders, Esq.*
    MATTHEW T. DUSHOFF, ESQ.       LEANNE SANDERS, ESQ.
    Nevada Bar No. 004975       Nevada Bar No. 00390
    WILLIAM D. SCHULLER, ESQ.       COURTNEY CHRISTOPHER, ESQ.
    Nevada Bar No. 011271       Nevada Bar No.: 012717
    400 South Rampart Boulevard, Suite 400       6605 Grand Montecito Parkway, #200
    Las Vegas, NV 89145       Las Vegas, Nevada 89149
    *Additional Counsel (Pro Hac Vice)*
    JEFFREY A. SOBLE, ESQ.   -and-
    STEPHANIE ADAMO, ESQ.
    **FOLEY & LARDNER LLP**   THOMAS M. KLEIN, ESQ. - *(Pro Hac Vice)*
    321 North Clark Street, Suite 2800   **KLEIN THOMAS**
    Chicago, IL 60654-5313   20 East Thomas Rd., Ste. 2200
    -and-   Phoenix, AZ 85012
    NICHOLAS J. FOX, ESQ.
    **FOLEY & LARDNER LLP**   *Attorneys for Defendant*
    3759 Valley Centre Drive, Suite 300   *Kia Motors America, Inc.*
    San Diego, CA 92130

*Attorneys for Defendants*
*Enterprise Leasing Company-West, LLC,*
*and Enterprise Rent-A-Car Company of*
*Lost Angeles, LLC*

*[signatures continued on next page]*   *[signatures continued on next page]*

| | | |
|---|---|---|
| 1 | DATED this 22nd day of March, 2019. | DATED this 22nd day of March, 2019. |
| 2 | **LADAH LAW FIRM** | **MESSNER REEVES LLP** |
| 4 | By: */s/ Joseph C. Chu, Esq.*<br>JOSEPH C. CHU, ESQ.<br>Nevada Bar No. 011082 | By: */s/ Virginia T. Tomova, Esq.*<br>VIRGINIA T. TOMOVA, ESQ.<br>Nevada Bar No. 12504 |
| 5 | 517 S. Third Street<br>Las Vegas, NV 89101 | 8945 West Russell Road, Suite 300<br>Las Vegas, Nevada 89148 |
| 6-7 | *Attorneys for Plaintiffs* | *Attorneys for Counter-Defendant<br>Krishnaben Jariwala* |

8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## ORDER ON STIPULATED PROTECTIVE ORDER

Having read and considered the foregoing Stipulated Protective Order, submitted jointly by Plaintiffs Chetnaben Jariwala, Hardik Jariwala, Pooja Jariwala, Krishnaben Jariwala, Yogesh Jariwala, Renuka Patel, Daxaben Jariwala, Herisan Jariwala, Abhisek Jariwala, and Robert Ansara (as Special Administrator of the Estate of Kiritkumar Jariwala, deceased); Defendants Enterprise Leasing Company—West, LLC, Enterprise Rent-A-Car Company of Los Angeles, LLC, and Kia Motors America, Inc.; Counter-Claimant Enterprise Leasing Company—West, LLC; and Counter-Defendant Krishnaben Jariwala, and **GOOD CAUSE APPEARING**, the Court hereby **ORDERS** as follows:

The Stipulated Protective Order is hereby **ENTERED** by the Court.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2019.

_____
Hon. Cam Ferenbach
United States Magistrate Judge

## CERTIFICATION OF APPROVAL OF CONTENT

I, Nicholas J. Fox, counsel for Defendants Enterprise Leasing Company—West, LLC, and Enterprise Rent-A-Car Company of Los Angeles, LLC, hereby certify that the required parties have approved and accepted the content of the foregoing Stipulated Protective Order, and that I have obtained authorization from all counsel for all parties for their respective electronic signatures on the foregoing Stipulated Protective Order.

DATED this 22nd day of March, 2019.

**KOLESAR & LEATHAM**

By: */s/ Nicholas J. Fox, Esq.*
MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
*Additional Counsel (Pro Hac Vice)*
JEFFREY A. SOBLE, ESQ.
STEPHANIE ADAMO, ESQ.
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
-and-
NICHOLAS J. FOX, ESQ.
**FOLEY & LARDNER LLP**
3759 Valley Centre Drive, Suite 300
San Diego, CA 92130

*Attorneys for Defendants*
*Enterprise Leasing Company-West, LLC, and*
*Enterprise Rent-A-Car Company of Lost*
*Angeles, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 22nd day of March, 2019, I caused to be served a true and correct copy of foregoing **STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER ON SAME** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities and to the those parties listed below:

*/s/ Kristina R. Cole*
An Employee of KOLESAR & LEATHAM